```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

         CASE NO. 10-81001-CIV-DIMITROULEAS/SNOW
```

CONTINENTAL CASUALTY COMPANY,

    Plaintiff,

vs.

PALM BEACH TRANSPORTATION
GROUP, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the plaintiff's Bill of Costs, which was referred to United States Magistrate Judge Lurana S. Snow. On November 15, 2010, a default final judgment was entered in favor of the plaintiff (DE 31), which granted the plaintiff leave to file a request to tax costs under F.R.Civ.P. 54(d).

The plaintiff's Bill of Costs requests a total of $1,178.88, based upon fees of the Clerk in the amount of $500.00, fees for service of summons and subpoena in the amount of $389.95 and fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $288.93. The plaintiff has submitted documentation of these costs, and the defendants have filed no objection.

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. <u>Manor Healthcare Corp. v. Lomelo</u>, 929 F.2d 633, 639 (11th Cir. 1991).

Rule 54(d)(1) provides, in pertinent part, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party, unless the court otherwise directs." Taxable costs are identified in 28 U.S.C. § 1920 as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The costs requested by the plaintiff are taxable under the rule, and should be awarded.

The Eleventh Circuit held that "interest shall accrue on . . . taxable costs from the date the court entered final judgment . . . on the merits of BankAtlantic's action . . .." BankAtlantic v. Blythe Eastman Paine-Webber, Inc., 12 F.3d 1045, 1052 (11th Cir. 1994), citing, Georgia Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 (5th Cir. 1988).  Final judgment on the merits was entered on November 15, 2010.  Title 28 U.S.C. § 1961(a)

provides that the interest rate is "equal to the weekly average 1-year constant maturity treasury yield, as published by the Federal Reserve System, for the calendar week preceding the date of the judgment.  The Director of the Administrative Office shall distribute notice of that rate and any changes in it to all Federal judges."  The interest rate for the week ending November 12, 2010, is 0.27%.  Accordingly, being duly advised, it is hereby

RECOMMENDED that costs be taxed to the defendants in the amount of $1,178.88, with interest at the rate of 0.27% accruing from November 15, 2010.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 10th day of February, 2011.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record